UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARVIN R. DAVIS, #227488,

      Petitioner,

v.                                CASE NO. 2:16-CV-13634
                                 HONORABLE ARTHUR J. TARNOW

CATHERINE BAUMAN,

      Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT**

    Michigan prisoner Earvin R. Davis ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction and sentence. Petitioner pleaded guilty to second-degree murder in the Wayne County Circuit Court and was sentenced to life imprisonment in 1992. Petitioner admits that he has previously and unsuccessfully sought federal habeas relief.

    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, a person seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v.*

*Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner previously filed a federal habeas petition challenging the same state conviction and sentence raising a claim concerning the lack of legal counsel at his arraignment, which was denied and dismissed with prejudice. *See Davis v. Bauman,* No. 4:16-CV-10349 (E.D. Mich. May 17, 2016) (Parker, J.).

Petitioner dated the instant habeas petition on September 28, 2016 and it was filed by the Court on October 4, 2016. He raises claims concerning the validity of his sentence and the available state court procedures to challenge it, the voluntariness of his police statements, and the lack of legal counsel at his arraignment. Petitioner, however, has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims*

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . .

*v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                                                  s/Arthur J. Tarnow
                                                  ARTHUR J. TARNOW
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 18, 2016

---

    could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.